UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

    Plaintiff,

    v.

RON NEAL, et al.,

    Defendants.

CAUSE NO. 3:21-CV-544-JD-MGG

OPINION AND ORDER

Tavares J. Browning, a prisoner without a lawyer, filed a complaint against Warden Ron Neal, Lt. D. Lott, Sgt. Hasskell, Sgt. Fintch, and Lt. Neal. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Browning alleges that he cannot be handcuffed behind his back in the usual fashion because of his build. Officers have typically accommodated him by cuffing him in front or using two pairs of handcuffs or zip ties. However, after an incident in April 2021 where he was forced into a single pair of handcuffs behind his back, Lt. Lott told Browning that he would need a medical pass if he was to be double cuffed. Browning

wanted to get a medical pass so that he could avoid any trouble in the future. On May 25, 2021, Lt. Lott escorted Browning to a medical appointment to obtain the pass with his hands cuffed in front. Browning explained to the nurse that he wanted a medical pass to be double cuffed. The nurse explained that they no longer issue passes for this. Instead, it is up to custody staff to use their common sense. Browning was escorted back to his cell with his hands cuffed in front. The officer escorting Browning was present when the nurse explained that it was up to custody staff to use their judgment in deciding if double cuffing was necessary.

On June 11, 2021, the same officer that escorted Browning from his May 24, 2021, appointment was to escort Browning to a holding cell for another medical appointment. He went to obtain a second pair of cuffs, but Lt. Lott told the officer he had to cuff Browning with only one pair of cuffs. The officer tried to explain to Lt. Lott that the medical department was not issuing passes for inmates to be double cuffed, and that custody staff were to use their common sense, but Lt. Lott would not allow it. The officer nonetheless obtained a second pair of handcuffs and transported Browning to a holding cell using two pairs of handcuffs. Once in the holding cell, Browning was uncuffed. Lt. Lott learned that two pairs of cuffs had been used and came to the holding cell. He told Browning that, if he wanted to go to his medical appointment, he would be cuffed in a single pair of handcuffs. Browning reminded Lt. Lott that he had doubled cuffed or front cuffed Browning many times, and that Lt. Lott knew it would not work to place Browning in a single pair of handcuffs. Lt. Lott responded by saying, "Well that's because I was being nice." ECF 2 at 4. He was smirking while he said it.

After a couple hours, Browning needed to use the bathroom. Browning asked Lt. Lott to transport him back to his cell in the same manner he was transported to the holding cell "since [Lt. Lott] was denying [him] medical attention." *Id.* Browning also asked Lt. Lott if he wanted him to pee on the floor or himself. Lt. Lott told Browning to go ahead and pee on the floor and he would write Browning up. After another hour, a sympathetic officer pushed a mop bucket near Browning so he could relieve himself.

Browning made many more requests to be taken back to his cell, but the requests were ignored by Lt. Lott and Sgt. Hasskell. At the evening shift change, the holding cells were emptied except for Browning. Lt. Lott told Sgt. Hasskell that Browning was going to be transported in one cuff. Lt. Lott then asked Browning if he was going to cuff up. Browning indicated he would, but that "I'm not tryin to have you hurt me again." *Id.* Lt. Lott said he was not going to hurt Browning. Lt. Lott then placed Browning's left hand in the cuff and tried to put his right hand in the cuff. After a couple minutes of trying unsuccessfully, Lt. Lott told Browning that he was going to count to five and at that time he was going to consider Browning as refusing to cuff up and he would be sprayed with pepper spray. Browning explained that Lt. Lott had both of his hands, and he asked him to tell him what he needed to do for this to work. Lt. Lott pulled Browning's left arm out of the cuff port up to his arm pit and Sgt. Hasskell began spaying Browning with pepper spray and yelling at him to stop resisting. Browning explained that he could not do what they were asking and begged them to stop. Other officers witnessing the events were ordered to leave. Lt. Neal remained, and he yelled "shut the fuck up bitch." Lt. Lott and Lt. Neal then violently forced Browning into one

3

pair of cuffs. When the door opened, Lt. Neal said, "O Damn yall got him good. I like to see that." *Id.* at 5.

Lt. Lott and Sgt. Hasskell then forced Browning into a scalding hot shower. When Browning tried to escape the scalding water, he was forced back in. He begged for cool water, but he was told it was cool. Browning stepped out of the shower and told the officers to do whatever they were going to do but he would not get back in the shower. Lt. Lott then acted like he did not know the water was hot.

Browning was taken to the medical department where his vitals were checked. Sgt. Fintch offered to help escort Browning back, but Sgt. Hasskell declined her offer. She said she was not busy and liked "shit like this." ECF 6. Browning responded with "What shit, someone being got down on (assaulted)?" *Id.* Sgt. Fintch then grabbed the chain on the cuffs and yanked upward, causing Browning to moan in pain. Browning asked Sgt. Hasskell if he was going to let this person do this to him. Sgt. Fintch responded by telling Browning that he would refer to her as sergeant. They continued to exchange words until two other officers took control and led Browning away.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Browning has alleged facts

4

permitting an inference that Lt. Lott, Sgt. Hasskell, Sgt. Fintch, and Lt. Neal each used excessive force against Browning on June 11, 2021.

Warden Ron Neal is also listed as a defendant in the complaint, but he is not otherwise mentioned in the complaint. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because it cannot be plausibly inferred that Warden Ron Neal was personally involved in the events described in the complaint, he must be dismissed.

For these reasons, the court:

(1) GRANTS Tavares J. Browning leave to proceed against Lt. D. Lott, Sgt. Hasskell, Sgt. Fintch, and Lt. Neal in his individual capacity for compensatory and punitive damages for using excessive force against Browning on June 11, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. D. Lott, Sgt. Hasskell, Sgt. Fintch, and Lt. Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. D. Lott, Sgt. Hasskell, Sgt. Fintch, and Lt. Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 17, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT