**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

TAVARES J. BROWNING,

   Plaintiff,

     v.       CASE NO. 3:21-CV-544-MGG

D. LOTT, et al.,

   Defendants.

**OPINION AND ORDER**

**I.**  **RELEVANT BACKGROUND**

Plaintiff Tavares J. Browning filed the present Motion to Reopen Discovery on November 6, 2023, through his newly-appointed counsel. [DE 137]. Mr. Browning filed his complaint as a *pro se* plaintiff while he was an inmate with the Indiana Department of Correction. [DE 2]. Additionally, Mr. Browning proceeds *in forma pauperis*. [DE 16].

The Court issued its Scheduling Order on March 18, 2022, setting a June 20, 2022, deadline to initiate discovery and a July 20, 2022, deadline to complete discovery. [DE 32]. Consistent with the Scheduling Order, Mr. Browning, proceeding *pro se*, began discovery by propounding his First Set of Interrogatories and First Request for Production of Documents in July. [DE 42–46]. Then, the deadlines to initiate and complete discovery were extended to October 5 and November 4, 2022, respectively. [DE 54]. Despite this, discovery was not completed until February 2023, after the Court ordered Defendants to respond to Mr. Browning's discovery requests. [DE 98].

During discovery, Mr. Browning filed multiple motions for appointment of counsel, all of which were denied because he was deemed sufficiently competent to manage his own discovery. [DE 8, 12, 25, 54, 71, 88]. Following discovery, and with the case ready for trial, Mr. Browning filed another motion asking the Court to appoint counsel. [DE 126]. In response, litigation was stayed so the Court could attempt to recruit counsel for Mr. Browning to represent him at trial noting that "[t]aking a case to trial is more complicated and complex than navigating discovery and dispositive motions as Mr. Browning has already done himself." [DE 130 at 2]. In his last motion to appoint counsel, Mr. Browning intimated he might be interested in reopening discovery. The stay was then lifted on August 17, 2023, following appearance of counsel for Mr. Browning. [DE 135]. During a telephonic status conference on September 13, 2023, the Court advised Mr. Browning's counsel that he may file a motion to reopen discovery, which he timely did on November 6, 2023. Defendants filed their response brief on November 20, 2023, and Mr. Browning filed his reply brief on November 30, 2023, making the Motion ripe for consideration by the Court. For the reasons discussed below, the Court DENIES Mr. Browning's Motion.

## II. ANALYSIS

Fed. R. Civ. P. 16(b)(4) only allows modifications of Rule 16(b) scheduling orders "for good cause and with the judge's consent." The good cause standard "primarily considers the diligence of the party seeking amendment" of a deadline. *Fricke v. Menard, Inc.*, No. 1:21-cv-3086-JPH-MKK, 2023 WL 167462, at *1 (S.D. Ind. Jan. 12, 2023) (quoting

*Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). [1] "In other words, 'the good cause standard is met when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met.'" *Id.* (quoting *Stewardson v. Cass Cnty.*, No. 3:18-CV-958-DRL-MGG, 2020 WL 5249453, at *1 (N.D. Ind. Sept. 3, 2020)); *see also Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[T]o demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met.").

When a movant requests an extension of discovery after the discovery deadline has passed, the movant must also demonstrate excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *see also Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005). Excusable neglect is "understood to be a somewhat 'elastic concept.'" *Indiana GRQ, LLC v. Am. Guarantee & Liab. Ins. Co.*, No. 3:21-CV-227-DRL-MGG, 2022 WL 2302298, at *3 (N.D. Ind. June 27, 2022) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993)). "The determination of 'excusable neglect' is an equitable one, 'taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting same). "Excusable neglect" refers not just to the "most natural meaning of the word 'neglect'"—inadvertent or negligent omissions—but also to "an act of God or some other circumstance beyond [movant's] control." *See Pioneer Inv. Servs. Co.*, 507 U.S. at 394-

---

[1] Defendants argue that Mr. Browning's diligence during discovery should bar reopening discovery. This is a misinterpretation of Fed. R. Civ. P. 16(b)(4)'s good cause requirement. *Lack* of diligence can bar modification of the scheduling order, not *too much* diligence. *See Burns v. Summers*, No. 22-2132, 2023 WL 3244244, at *4 (7th Cir. May 4, 2023) (finding that plaintiff showed "good cause" because of his diligence in finding the correct defendants, even if his approach was more inefficient than a "'belt and suspenders' approach").

95. Relevant factors include: "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. Without narrowing the range of factors to consider, trial judges should consider "*all* relevant circumstances surrounding the party's omission." *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 362 (7th Cir. 1997) (internal quotation omitted).

Turning to the present Motion: Mr. Browning requests an extension of the discovery period, and as the deadline for discovery has lapsed, any extension would also reopen discovery. Mr. Browning requests reopening discovery so he may "issue additional discovery, including to seek records and take depositions of Defendants and non-parties." [DE 137 at 1]. Consequently, Mr. Browning must demonstrate both good cause under Fed. R. Civ. P. 16(b)(4) and excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).

Mr. Browning supplied the following facts in a supplemental affidavit to his motion: Mr. Browning initially operated under the belief that the Court and prison staff would facilitate depositions of Defendants and other non-parties. [DE 137-2 at 1]. When Mr. Browning learned that he was personally responsible for arranging, scheduling, and paying for depositions, he did not have the financial resources necessary to depose witnesses. [*Id.* at 2]. Consequently, Mr. Browning contacted his wife for financial assistance, but she could not render the necessary aid. [*Id.*] On April 28, 2022, Mr. Browning contacted a local law office for help in obtaining the resources for a deposition. [*Id.*] The law office initially offered to help provide videoconference software, however,

the law office apparently never responded to follow-up communications. [*Id.*]. Mr. Browning also contacted other resources such as the St. Joseph Bar Association Referral Hotline, leaving a voicemail. Mr. Browning likewise requested appointment of counsel, which this Court denied. [*Id.*] Mr. Browning made these requests before the close of discovery. Defendants do not dispute Mr. Browning's recollection of events.

The first issue is whether Mr. Browning showed good cause to extend the discovery deadline. Mr. Browning's affidavit focuses on his inability to depose witnesses. More specifically, Mr. Browning's affidavit confirms he lacked monetary and technological resources to depose Defendants and other witnesses. Indeed, the procedural and financial burdens on deposing parties, like Mr. Browning, can be difficult, especially for a *pro se* inmate proceeding *in forma pauperis*. *See* Fed. R. Civ. P. 30–31; *Saddler v. Hewitt*, 19-cv-81-jdp, 2020 WL 1689682, at *3 (W.D. Wis. Apr. 7, 2020) ("These procedures include arranging and paying for an officer (usually a stenographer or court reporter) to meet with deponents, take their testimony, and prepare and certify their depositions."). Yet, these expenses are not something a court will pay for. *Id.* Nor is a *pro se*, *in forma pauperis* prisoner relieved from paying their own discovery costs. *Nail v. Gutierrez*, No. 1:06-CV-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007). The general principle is "that a party must bear the 'burden of financing his own suit.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 179 (1974)). Consequently, a party "must decide which of his legal actions is important enough to fund." *Lindell v. McCallum,* 352 F.3d 1107, 1111 (7th Cir. 2003).

Here, Mr. Browning made choices about how to proceed with discovery in this case. He did not take steps to learn about his obligations to facilitate and pay for depositions until after his motion for leave to take depositions was denied on September 15, 2022—just twenty days before the deadline to initiate discovery. [DE 63]. Moreover, the record does not show that Mr. Browning explored alternatives to oral depositions, such as written depositions or even interrogatories, which could have been cheaper. *See* Fed. R. Civ. P. 31, 33; *see also Saddler,* 2020 WL 1689682, at \*3. As such, Mr. Browning has not established that he diligently pursued the information he now seeks through depositions during the discovery period.

Mr. Browning also requests reopening discovery for the purposes of seeking records. Defendants claim to have produced over 280 pages of documents to Mr. Browning. [DE 140 at 2]. Yet Mr. Browning has not given any details on the additional records he seeks. Thus, Mr. Browning has not shown what documents or records he was unable to request, despite his diligence, before the discovery deadline especially in light of the number of documents that were produced.

As a result, Mr. Browning did not meet his burden of demonstrating good cause under Fed. R. Civ. P. 16(b). Mr. Browning has also failed to meet his burden of proving excusable neglect.

Defendants meaningfully argue against reopening discovery noting that Mr. Browning already had a full opportunity to conduct discovery. Indeed, if discovery were reopened, Mr. Browning would essentially get a second "bite at the apple," thereby negating the finality intended by the rules governing case management. *See* Fed. R. Civ.

6

P. 16, 26–37. Such a second chance would no doubt be prejudicial to Defendants in terms of delaying resolution of the claims against them and possibly generating more costs. Moreover, Mr. Browning was deemed sufficiently competent to navigate discovery on his own when it was open. [*See* DE 71]. Consistent with that finding, counsel was expressly appointed to assist Mr. Browning in navigating the complex realities of bringing a case to trial, not for the purpose of discovery. [DE 130 at 2].

Mr. Browning raises several equitable factors that he argues weigh in his favor. He is an inmate, he is proceeding *in forma pauperis*, and at least during discovery, he was a *pro se* plaintiff. However, these factors do not mean that deadlines can be ignored. *See Raven v. Madison Area Tech. Coll.*, 443 F. App'x 210, 212 (7th Cir. 2011) ("Although we liberally construe pro se filings, we do not enlarge filing deadlines for them.") (internal citation omitted); *Buchanan v. Ill. Dept. of Hum. Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001) ("Pro se litigants are entitled to some procedural protections, but they are not entitled to a complete dispensation of procedural rules."). A court must maintain a "firm hand" on its docket management. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851–52 (7th Cir. 2002) ("We encourage the district courts to use a firm hand when shepherding cases to trial, carefully and thoughtfully adhering to the deadlines established after consultation with the parties . . . in order to 'secure the just, speedy, and inexpensive determination of every action.'"). Mr. Browning was given time to conduct discovery, which he successfully did by propounding both interrogatories and requests for production of documents.

Ultimately, the excusable-neglect factors the Court outlined in *Pioneer Investment Services Co.* weigh strongly in Defendants' favor. Reopening discovery would prejudice the Defendants by delaying resolution of claims and possibly generating additional costs. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."). Nor was Mr. Browning delayed in discovery. He simply made litigation choices given the logistical and financial circumstances he faced like any other litigant would have. Mr. Browning had less resources than other litigants often do, but he has not shown that his discovery choices were inadvertent or negligent. The record suggests that Mr. Browning acted in good faith during discovery. However, neither his good faith efforts during discovery nor his access to limited litigation resources outweighs the delay and prejudice that Defendants would incur in this case that has been pending for more than 2-1/2 years.

Taking into account all the relevant circumstances, reopening discovery would provide Mr. Browning with a windfall—a second "bonus discovery" to explore additional areas of discovery that were not previously considered. This second discovery period would undermine the importance of the original discovery deadline, prejudice Defendants, and delay the completion of litigation by undermining the Court's active management of this litigation. In essence, reopening discovery would implicate the Court's "firm hand" on ensuring a "just, speedy, and inexpensive" outcome of this case. As such, the Court will not issue an order that provides for additional expansive discovery at this stage of litigation.

**III.**   **CONCLUSION**

For the reasons discussed above, Mr. Browning's motion to reopen discovery is

**DENIED**. [DE 137]. This case is now set for a telephonic status conference on

**Wednesday, March 6, 2024**, at **11:00 a.m. EST** for purposes of setting a trial date or

further discussion of other pretrial options.

To connect to the conference, parties should dial 833-568-8864, enter meeting ID
number 160 4237 7854#, push # to skip entry of a participant ID and enter passcode
356255# at least five minutes before the conference start time.

**SO ORDERED** this 22nd day of February 2024.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

9